UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-5508 CAS (JWJx) | Date | November 9, 2009 |
|---|---|---|---|
| Title | UNITED STATES OF AMERICA v. REAL PROPERTY LOCATED IN NORTH HOLLYWOOD, CALIFORNIA | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | LAURA ELIAS | N/A | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| Michele Marchand | | Not Present | |

**Proceedings:**   **PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** (filed 07/24/09)

## I.   INTRODUCTION

On August 31, 2006, the government filed suit against defendant Real Property Located in North Hollywood, California ("defendant property") and claimants Loreto Minerva Alvarado ("claimant") and IndyMac Bank, F.S.B. ("IndyMac"), alleging a claim for forfeiture of real property pursuant to 21 U.S.C. § 881(a)(7).

Title to defendant property at 6727 Lemp Avenue, North Hollywood, California, is held in claimant's name. PSUF ¶ 45. Claimant filed a claim and answer on October 24, 2006. On August 22, 2007, IndyMac filed a claim and answer based on its pre-existing lien against defendant property. On November 16, 2007, the government and IndyMac filed a stipulation to recognize the lien of Indymac, and on November 19, 2007 the Court entered an order approving the stipulation.

On July 24, 2009, the government filed the instant motion for summary judgment. No opposition has been filed. After carefully considering the arguments set forth by the parties, the Court finds and concludes as follows.

## II.   BACKGROUND

In July 2004, Drug Enforcement Administration Special Agents and South West Border Initiative Task Force officers ("investigators") began investigating a wide-spread multi-kilogram narcotic trafficking organization based in Southern California. Jones

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6      O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-5508 CAS (JWJx) | Date | November 9, 2009 |
|---|---|---|---|
| Title | UNITED STATES OF AMERICA v. REAL PROPERTY LOCATED IN NORTH HOLLYWOOD, CALIFORNIA | | |

Decl. ¶ 9. During the monitoring of court authorized wire tap interceptions and surveillance, investigators determined that defendant property was being used to store narcotics and narcotics proceeds. Jones Decl. ¶ 9.

Based on court authorized intercepted telephone conversations between two subjects of the investigation, investigators believed that claimant was going to receive a shipment of narcotics at defendant property on October 13, 2005, and thus they initiated surveillance there. PSUF ¶¶ 6-11; Jones Decl. ¶¶ 10-12. At approximately 1:56pm on October 13, 2005, investigators observed claimant arrive at defendant property. PSUF ¶ 12. At approximately 2:30pm, the investigators saw an older white Cadillac with a green vinyl top arrive and park in the driveway of defendant property. PSUF ¶ 13. Investigators watched a Hispanic male exit the Cadillac and enter the house. PSUF ¶ 14. Two minutes later, investigators saw the man exit defendant property, place something black into the trunk of the Cadillac, and then walk back inside. PSUF ¶¶ 15-16. A short time later, investigators watched the same man walk out of the house with a large black suitcase, place it in the trunk of the Cadillac, and drive away. PSUF ¶ 17. Investigators followed the Cadillac to a parking lot in Downey, California where the driver met with two other men who were sitting in a Toyota Camry. PSUF ¶ 18. After a short conversation, the passenger from the Toyota entered the Cadillac and drove away. PSUF ¶ 19. Investigators followed the Cadillac to a residence in Downey where it entered the garage. PSUF ¶ 20. Approximately one hour later, investigators watched the same man drive the Cadillac out of the garage to a strip mall parking lot where he parked the vehicle and walked away. PSUF ¶ 21. That evening at 8:45pm, investigators executed a state search warrant at the residence in Downey and seized a large black suitcase containing thirty-two kilograms of cocaine, a black nylon duffel bag containing fifteen kilograms of cocaine, a cereal box containing one kilogram of cocaine, and a cardboard box containing twenty-two tightly wrapped plastic bundles of U.S. currency, scales, and plastic wrap. PSUF ¶ 22. The investigators seized a total of forty-eight kilograms of cocaine and $1,314,075 in U.S. currency. PSUF ¶ 23.

Also based on court-authorized intercepted phone conversations between two subjects of the investigation, investigators believed that a narcotics transaction involving twelve kilograms of cocaine would occur at defendant property on October 18, 2005. PSUF ¶ 24; Jones Decl. ¶ 7. At approximately 1:21pm, investigators observed a blue Ford Explorer drive into the driveway of defendant property, and two Hispanic males exit

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-5508 CAS (JWJx) | Date | November 9, 2009 |
|---|---|---|---|
| Title | UNITED STATES OF AMERICA v. REAL PROPERTY LOCATED IN NORTH HOLLYWOOD, CALIFORNIA | | |

the vehicle and enter the residence carrying two large boxes. PSUF ¶ 24. At approximately 1:30pm on October 18, 2005, an intercepted phone conversation between claimant and another subject of the investigation indicated that a load of narcotics had been delivered to defendant property. PSUF ¶ 30; Jones Decl. ¶ 13; Phone Tr. Ex. 19.

At approximately 3pm, the surveillance team saw a Hispanic female named "Paulina" leave defendant property carrying one of the boxes that had been delivered earlier, place the box in the trunk of her Dodge Neon, and drive away. PSUF ¶¶ 32-34. The surveillance team followed the Neon from defendant property to a shopping mall nearby, where the Neon parked next to a blue Kia Sedona van. PSUF ¶ 35. A passenger from the van walked over to the Neon, retrieved the box, placed it in the van, and drove away. PSUF ¶¶ 36-37. At approximately 3:11pm in an intercepted phone conversation, claimant informed another subject of the investigation that she sent Paulina to deliver the cocaine. PSUF ¶ 38. The surveillance team followed the van to a mobile home park in Dominguez Hills, California, where the van parked in the driveway of a trailer. PSUF ¶¶ 39-40. Later that evening, members of the surveillance team contacted the driver of the van and obtained consent to search his mobile home trailer and van. PSUF ¶ 41. Upon searching the van, investigators located the box that had been retrieved from the Neon and found that it contained twelve kilograms of cocaine. PSUF ¶ 42. Based on the intercepted telephone conversations, surveillance, and the seizure of twelve kilograms of cocaine, the investigators concluded that the cocaine seized at the mobile home park had been stored at defendant property. PSUF ¶ 43.

On December 8, 2005, claimant was arrested and charged with possession/ purchase of cocaine for sale in violation of Cal. Health & Safety Code § 11351, transportation/importation of cocaine for sale in violation of Cal. Health & Safety Code § 11352(a), and conspiracy in violation of California Penal Code § 182(a)(1). PSUF ¶ 1. On June 12, 2007, claimant was indicted in federal court and charged with conspiracy to distribute cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A), distribution of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1), and criminal forfeiture in violation of 21 U.S.C. § 853. PSUF ¶ 2. On July 27, 2007, claimant pled guilty to Count One of the indictment: conspiracy to distribute cocaine. PSUF ¶ 3. As part of her plea agreement, claimant stipulated that: she agreed with other individuals to "possess with intent to distribute and distribute at least five kilograms of cocaine"; she "conspired to possess with intent to distribute and distribute at least five kilograms of cocaine but less

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-5508 CAS (JWJx) | Date | November 9, 2009 |
|---|---|---|---|
| Title | UNITED STATES OF AMERICA v. REAL PROPERTY LOCATED IN NORTH HOLLYWOOD, CALIFORNIA | | |

than 15 kilograms of cocaine"; "she transported large sums of proceeds from the sale of this cocaine to Mexico on behalf of this organization"; "she knowingly allowed others to deliver and pick up cocaine from [defendant property]"; "she collected narcotics proceeds from . . . customers and others to deliver to Mexico"; "[o]n multiple occasions, [she] would transport narcotics proceeds from [defendant property] to [the residence of another co-conspirator] in San Diego County . . . . [and] then delivered the proceeds to . . . Mexico"; and "at all times . . . she knew that she was transporting proceeds from the prior sales of cocaine, and that she knew it was illegal to possess or distribute cocaine." PSUF ¶ 4 (citing Amended Plea Agreement at 14-15, Exhib. 3).

### III. LEGAL STANDARD

Summary judgment is appropriate where "there is no genuine issue as to any material fact" and "the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the initial burden of identifying relevant portions of the record that demonstrate the absence of a fact or facts necessary for one or more essential elements of each cause of action upon which the moving party seeks judgment. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

If the moving party has sustained its burden, the nonmoving party must then identify specific facts, drawn from materials on file, that demonstrate that there is a dispute as to material facts on the elements that the moving party has contested. See Fed. R. Civ. P. 56(c). The nonmoving party must not simply rely on the pleadings and must do more than make "conclusory allegations [in] an affidavit." Lujan v. National Wildlife Fed'n, 497 U.S. 871, 888 (1990). See also Celotex Corp., 477 U.S. at 324. Summary judgment must be granted for the moving party if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322. See also Abromson v. American Pacific Corp., 114 F.3d 898, 902 (9th Cir. 1997).

In light of the facts presented by the nonmoving party, along with any undisputed facts, the Court must decide whether the moving party is entitled to judgment as a matter of law. See T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 631 & n.3 (9th Cir. 1987). When deciding a motion for summary judgment, "the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-5508 CAS (JWJx) | Date | November 9, 2009 |
|---|---|---|---|
| Title | UNITED STATES OF AMERICA v. REAL PROPERTY LOCATED IN NORTH HOLLYWOOD, CALIFORNIA | | |

the party opposing the motion." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted); Valley Nat'l Bank of Ariz. v. A.E. Rouse & Co., 121 F.3d 1332, 1335 (9th Cir. 1997). Summary judgment for the moving party is proper when a rational trier of fact would not be able to find for the nonmoving party on the claims at issue. See Matsushita, 475 U.S. at 587.

### IV. DISCUSSION

In civil forfeiture actions, "the burden of proof is on the Government to establish, by a preponderance of the evidence, that the property is subject to forfeiture." 18 U.S.C. § 983(c)(1); see United States v. Real Property Located at 5208 Los Franciscos Way, 385 F.3d 1187, 1193 (9th Cir. 2004). Furthermore, "[i]f the Government's theory of forfeiture is that the property was used to commit or facilitate the commission of a criminal offense, or was involved in the commission of a criminal offense, the Government shall establish that there was a substantial connection between the property and the offense." 18 U.S.C. § 983(c)(3).

The government argues that the property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(7),[1] because it was used to facilitate violations of drug trafficking laws. Mot. at 10. The government asserts that claimant (1) pled guilty to conspiracy to distribute cocaine, a felony drug violation, (2) admitted that she knowingly allowed others to deliver and pick up cocaine from defendant property, and (3) admitted that on multiple occasions she transported narcotics proceeds from defendant property to a residence in San Diego County. Id. at 11. The government asserts that additionally, law enforcement officers seized at least 60 kilograms of cocaine and $1,314,075 in narcotics proceeds that had been stored at defendant property. Id. The government argues that claimant's admissions, government surveillance, and the seizures of substantial amounts

---

[1] 21 U.S.C. § 881(a)(7) provides: "The following shall be subject to forfeiture to the United States and no property right shall exist in them: . . . . All real property, including any right, title, and interest (including any leasehold interest) in the whole of any lot or tract of land and any appurtenances or improvements, which is used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of this subchapter punishable by more than one year's imprisonment."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-5508 CAS (JWJx) | Date | November 9, 2009 |
|---|---|---|---|
| Title | UNITED STATES OF AMERICA v. REAL PROPERTY LOCATED IN NORTH HOLLYWOOD, CALIFORNIA | | |

of drugs and money establish that claimant was actively involved in narcotics trafficking at defendant property. Id. The government contends that this evidence is more than sufficient to establish that defendant property is subject to forfeiture under 21 U.S.C. § 881(a)(7). Id. at 11-12.

The government further argues that claimant cannot rely upon the "innocent owner" defense provided by 18 U.S.C. § 983(d)(2)(A), because claimant cannot show that she did not know of the conduct giving rise to forfeiture or that, upon learning of the conduct, she did all that could reasonably be expected under the circumstances to terminate the illegal use of the property. Id. at 12 (citing 18 U.S.C. § 983(d)(2)(a)). The government contends that here, claimant was personally involved in storing drugs and drug proceeds at defendant property in furtherance of her narcotics trafficking activity. Id. at 12-13. Thus, the government contends that she cannot establish the innocent owner defense. Id. at 13.

Moreover, the government contends that claimant cannot rely on an "excessive fines" defense.[2] Id. at 13. First, the government argues that claimant pled guilty to violations of federal drug trafficking laws, demonstrating that there was a clear pattern of illegal activity. Id. (citing United States v. Riedl, 164 F. Supp. 2d 1196, 1201 (D. Haw. 2001) (upholding the forfeiture of properties worth between $1.3 and $1.9 million where defendant was convicted of distributing drugs and money laundering)). Second, the government argues that claimant falls squarely within the class of persons for whom the drug trafficking statutes were designed to cover, because she was a drug trafficker. Id. at 13-14. Third, the government argues that because the property's net equity value—$140,508.92 as of May 28, 2009—is far below the maximum penalty for

---

[2] The Court may consider the following factors in determining whether the forfeiture is "grossly disproportionate to the gravity of a defendant's offense": (1) whether the violation upon which forfeiture is sought was related to other illegal activities; (2) whether claimant fits into the class of persons for whom the statute was principally designed; (3) the maximum level of sanctions that could have been imposed; and (4) the nature of the harm caused by the claimant's conduct. United States v. Bajakajian, 524 U.S. 321, 334-39 (1998).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-5508 CAS (JWJx) | Date | November 9, 2009 |
|---|---|---|---|
| Title | UNITED STATES OF AMERICA v. REAL PROPERTY LOCATED IN NORTH HOLLYWOOD, CALIFORNIA | | |

distributing a controlled substance,[3] the forfeiture is not excessive. Id. at 14. Finally, the government contends that congressional findings set forth in 21 U.S.C. § 801 and the legislative history of 21 U.S.C. § 881 confirm that drug trafficking causes significant harm to the public as well as the government. Id.

The Court concludes that defendant property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(7), because the property was "used to . . . facilitate the commission of" drug trafficking violations. See 18 U.S.C. § 983(c)(1); United States v. Real Property Located at 25445 Via Dona Christa, Valencia, California, 138 F.3d 403, 408 (9th Cir. 1998) (finding that the forfeiture of claimant's residence was proper pursuant to 21 U.S.C. § 881(a)(7) when claimant used his property for drug transactions and to store drugs and paraphernalia); United States v. Real Property Located at 3846 Nisenan Lane, 2009 WL 2777178, at *3-4 (E.D. Cal. Aug. 28, 2009) (holding that claimant's residence was subject to forfeiture pursuant to 21 U.S.C. § 881(a)(7) when drugs and drug sales paraphernalia were seized from the residence). Here claimant admitted that she knowingly allowed others to deliver and pick up cocaine from defendant property, she admitted that she transported large sums of proceeds from the sale of this cocaine from defendant property to Mexico, she stored both cocaine and proceeds from cocaine at defendant property, and she conducted drug activities from defendant property. Accordingly, the government has met its burden in proving by a preponderance of the evidence that defendant property is subject to forfeiture. See 18 U.S.C. § 983(c)(1); Real Property Located at 25445 Via Dona Christa, Valencia, California, 138 F.3d at 408. Alternatively, claimant's failure to file an opposition may be deemed consent to the granting of the motion pursuant to Local Rule 7-12.

**V.    CONCLUSION**

In accordance with the foregoing, the Court hereby GRANTS the government's motion for summary judgment.

---

[3] The government argues that 21 U.S.C. § 856(b) provides for a $500,000 fine, and 21 U.S.C. § 841(b)(1)(B)(ii)(I) provides for a $2,000,000 fine for a mixture containing over 500 grams of cocaine. Mot. at 14.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-5508 CAS (JWJx) | Date | November 9, 2009 |
|---|---|---|---|
| Title | UNITED STATES OF AMERICA v. REAL PROPERTY LOCATED IN NORTH HOLLYWOOD, CALIFORNIA | | |

IT IS SO ORDERED.

|  | 00 | : | 02 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |